# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDY RODRIGUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>MARGARET MIMS, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:11-cv-01472 GSA PC<br><br>ORDER DISMISSING THIS ACTION FOR PLAINTIFF'S FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED |

**Screening Order**

I.   **Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.    Plaintiff's Claims**

Plaintiff brings this civil rights action against Fresno County Sheriff Margaret Mims and the "detention staff" at the Fresno County Jail. Plaintiff alleges that jail officials violated his civil rights while he was housed at the jail. Specifically, Plaintiff alleges that jail officials opened his "official" mail outside of his presence, in violation of jail regulations.

Specifically, Plaintiff alleges that he received correspondence from various federal government agencies and "congressional officials." Plaintiff corresponded with these agencies and officials in order to gather information that "might be useful to my cases." Plaintiff alleges that four of his letters were delivered to him already opened. Plaintiff alleges that all of the letters at issue were clearly identified as originating from a U.S. government agency. Plaintiff attaches copies of the envelopes as exhibits 1 through 4.

**A.    Mail**

Prison officials may, consistent with the First Amendment, (1) require that mail from attorneys be identified as such and (2) open such correspondence in the presence of the prisoner for visual inspection. See Wolff v. McDonnell, 418 U.S. 539, 576-77 (1974); Sherman v. Macdougall, 656 F.2d 527, 528 (9th Cir. 1981). A prison need not treat all mail sent to government agencies and officials as legal mail. See O'Keefe v. Van Boening, 82 F.3d 322, 326 (9th Cir. 1996).

Here, the Court finds that Plaintiff's allegations, taken as true, fail to state a claim for relief.

1  Plaintiff specifically alleges that four pieces of mail were opened outside of his presence. A review
2  of Plaintiff's exhibits reveals that the items at issue were sent to Plaintiff from the U.S. Department
3  of State, the Library of Congress, the U.S. Senate and the U.S. House of Representatives. Plaintiff
4  also attaches an envelope sent to him from the U.S. Government Accountability Office. Because
5  Plaintiff has specifically identified all of the mail at issue, and none of the mail at issue originated
6  from Plaintiff's attorney, Plaintiff fails to state a claim for relief.   The law on this matter is clear.
7  Defendants may open any mail outside of Plaintiff's presence, so long as it is not from his attorney.
8  Plaintiff makes no allegations that any jail official opened mail from his attorney. Because Plaintiff
9  has specifically identified the mail at issue, and none of it is from his attorney, the Court finds that
10 Plaintiff cannot cure the deficiency in the complaint by amendment.

**III.    Conclusion and Order**

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. Because the Court finds that Plaintiff cannot cure the deficiency by further amendment, this action should be dismissed without leave to amend Court will recommend that Plaintiff's complaint be dismissed without leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing longstanding rule that leave to amend should be granted even if no request to amend was made unless the court determines that the pleading could not possibly be cured by the allegation of other facts); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment).

Accordingly, IT IS HEREBY ORDERED that this action is dismissed for failure to state a claim upon which relief may be granted. The Clerk is directed to close this case.


IT IS SO ORDERED.

Dated:   **April 5, 2012**              /s/ **Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE

3